COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Overton
Argued by Teleconference


COMMONWEALTH OF VIRGINIA

v.        Record No. 0392-96-2

JOANNA RODRIGUEZ
                                    MEMORANDUM OPINION[*] BY
-and-                            JUDGE JERE M. H. WILLIS, JR.
                                        AUGUST 6, 1996
COMMONWEALTH OF VIRGINIA

v.        Record No. 0393-96-2

PLACIDO JEFFREY NUNEZ, A/K/A
 PLACIDO JEFFREY


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    James E. Kulp, Judge

        Marla Graff Decker, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on briefs), for appellants.

        Jeffrey L. Everhart (Rice & Everhart, on
        brief), for appellee Joanna Rodriguez.

        J. Bradley Davis (Davis & Morgan, on brief),
        for appellee Placido Jeffrey Nunez, a/k/a
        Placido Jeffrey.



     On appeal from the trial court's suppression of evidence

found upon the search of a motel room, the Commonwealth contends

that the trial court erred in holding that the occupant's consent

to the search was coerced by the police.  We disagree and affirm

the judgments of the trial court.

---

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

As a threshold issue, the Commonwealth contends that Ms. Rodriguez lacks standing to object to the officers' search of the room because she was not the registered occupant.  We reject this argument.  As stipulated by the Commonwealth's Attorney, Ms. Rodriguez was a lawful occupant of the room.  As such, she had a reasonable expectation of privacy.  See Minnesota v. Olson, 495 U.S. 91, 98–100 (1990).

II.

> [I]n reviewing a trial court's ruling on a suppression motion, we consider the evidence in the "light most favorable to . . . the prevailing party below," . . . and the decision of the trial judge will be disturbed only if plainly wrong.

Hetmeyer v. Commonwealth, 19 Va. App. 103, 105, 448 S.E.2d 894, 896 (1994).

While noting that it found no "misbehavior" on the part of the police, the trial court held that their persistence "went beyond reason, and that they overbore the rights of the defendants in this case."  The trial court found that Nunez's consent to the entry of the police into the motel room was not voluntary.  The record supports this holding.

When Officer Koushel first approached the motel room, he could see a light inside.  Upon his initial knock on the door, the light was extinguished.  Nunez peered through the window. Koushel gave his name and displayed his badge.  The occupants of the room did not open the door.  The police telephoned the room

- 2 -

twice.  At the first call, the telephone receiver in the room was lifted but no one spoke.  The receiver was then replaced.  The second call was unanswered.  Only after the officers had knocked on the door repeatedly for fifteen minutes did Nunez open the door and admit them to the room.  This record supports a finding that by extinguishing the light, refusing to talk on the telephone, and failing to open the door, the occupants of the room expressed their unwillingness to talk to or admit the officers.  Thus, the record supports the trial court's conclusion that the officers' repeated and persistent demand for entry overbore the ability of the room's occupants to resist that demand.  See United States v. Wilson, 953 F.2d 116 (4th Cir. 1991).

The judgments of the trial court are affirmed.

Affirmed.